

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00326-CV

---

In re Coby Todd Bausch, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Relator Coby Todd Bausch seeks a writ of mandamus to compel the Honorable Pete Gomez Jr. of the 112th Judicial District Court of Pecos County, Texas to vacate his "Order Granting Motion Clarifying Successor Trustee's Powers." W.L. Garrison created the Garrison Family Trust (the Trust) in 1984. The Trust's beneficiaries include Relator Coby Todd Bausch and Real Party in Interest Lacy Paige Brooke. The trust was to terminate when the youngest beneficiary turned 35, at which point the trustee would be required to wind up the Trust and distribute its property to the beneficiaries "in the proportions to which each [is] entitled." The Trust, however, did not provide the beneficiary proportions.

After the deaths of the original designated co-trustees, neither the designated substitute nor its successor in interest accepted the role of trustee. The Trust's assets have since gone undistributed.

On January 9, 2024, Real Parties in Interest Lacy Paige Brooks and Stephen Lindemood filed a petition to appoint a third-party successor trustee to wind up the Trust. The trial court appointed Albert C. Elliott as successor trustee with "all rights, powers, privileges, duties and authority conferred upon the Trustee of the Trust." After alleged escalating frictions and threats between the parties, Brooks and Lindemood filed a motion to clarify the successor trustee's powers. The trial court granted the motion without holding a hearing and signed its "Order Granting Motion Clarifying Successor Trustee's Powers" (clarifying order) on March 12, 2025.[1]

---

[1] The trial court granted the substitute successor the "following powers needed to wind up the Garrison Family Trust, including but not limited to:"

1. Enter and inspect the Trust property;
2. Pay taxes pertaining to the Trust property;
3. Employ any third-party to survey, appraise, and/or assist in valuation, sale, and/or partition of the Trust property;
4. Sell or partition Trust property to make distributions;
5. Lease Trust property while the Trust property is distributed, partitioned, *or* sold, and enter into lease agreements for this purpose;
6. Make any claims as may be necessary to collect reasonable rents owed by Mr. Bausch or any/or person for any use and enjoyment of Trust property, done to the exclusion of other beneficiaries;
7. Unless the Trust property is otherwise leased, take control of the Trust property to ensure all beneficiaries have equal access while the Trust property is distributed, partitioned, or sold;
8. Determine and satisfy Trust obligations;
9. Ascertain the proper distributees and their shares of the Trust estate;
10. Plan and make distributions to the beneficiaries;
11. Demand and require that Mr. Bausch submit an accounting for all revenues, including leases relating to the Trust property since his occupation, whether paid to Mr. Bausch in his individual capacity or in the name of any entity in which he had an ownership interest, including the "9A Ranch to the Trustee, the Court and all beneficiaries;
12. Exercise reasonable and appropriate powers for the preservation of the Trust property;
13. Keep real property and tangible property of the trust insured and in repair;
14. Keep the Trust property productive;
15. Obtain loans from beneficiaries for advancement of costs and fees pertaining to the administration and winding up of the Trust, and pay these amounts first out of any sale of the Trust property; and
16. Take any other action that may be necessary and reasonable for the winding up of the Trust and final distribution of the Trust estate.

Bausch then filed a "Motion To Set Aside And Vacate Order, Motion For Reconsideration, Motion To Stay, & Request For Hearing" (motion for reconsideration). Brooks and Lindemood filed a response. On September 23, 2025, the trial court held a hearing on the matter. The trial court signed its order denying the motion for reconsideration on October 29, 2025. This mandamus proceeding followed.

In two issues, Bausch argues that the trial court's clarifying order is void for failing to provide notice or a hearing and that the trial court abused its discretion by expanding the trustee's powers beyond the scope of the Trust.

## I. DISCUSSION

Mandamus is an extraordinary remedy granted only when the relator shows: (1) the trial committed a clear abuse of discretion; and (2) no adequate appellate remedy exists. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). The burden is on the relator to show entitlement to mandamus relief. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Bausch, relying on *Union Carbide Corp. v. Moye*, 798 S.W.2d 792, 793 (Tex. 1990), argues that "this standard is satisfied when the trial court 'effectively deprive[s] [the relator] of its fundamental due process right to notice.'" According to Bausch, he was denied due process because the trial court "failed to provide [him] with notice and an opportunity to be heard prior to signing the [clarifying order]." We disagree.

Although the trial court signed the clarifying order without holding a hearing, it later held a hearing on the matter after Bausch filed his motion for reconsideration and Brooks and Lindemood filed their response. The trial court reconfirmed its ruling after the parties filed their

3

motions and responses and after it heard them at the September 23, 2025 hearing.[2] We cannot conclude that Bausch was denied due process. *E.g., Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (holding that any error arising from trial court's failure to give notice of submission date for motion for summary judgment was harmless when trial court considered nonmovant's response and reconfirmed its prior ruling on the motion).

Mandamus is not warranted because Bausch has not shown that no adequate appellate remedy exists. Parties generally may pursue challenges regarding the powers granted to a trustee through ordinary appeal. For example, Bausch relies on *Sorrel v. Sorrel*—a direct appeal—in support of the proposition that a trustee cannot partition trust property after the termination of a trust. 1 S.W.3d 867, 871 (Tex. App.—Corpus Christi–Edinburg 1999, no pet.). In that case, as here, the parties disagreed about what powers the trustees retained after the trust terminated. *Id*. at 870. However, the appellants directly appealed the trial court's order declaring that the trust had terminated, ratifying the trustees' actions, and declaring ownership of all real estate belonging to the trust. *Id*. at 869–70.[3]

Bausch does not even attempt to satisfy his burden to show that no adequate appellate remedy exists; he points to no authority extending extraordinary mandamus relief to address challenges to powers granted to a trustee, and we are not aware of any. "The requirement that persons seeking mandamus relief establish the lack of an adequate remedy is a 'fundamental tenet'

---

[2] Neither party disputes that the trial court held the September 23, 2025 hearing on the motion for reconsideration.

[3] The Corpus Christi Court of Appeals affirmed the trial court and concluded:

> [W]here the express terms of the trust specify that the trust terminates upon the occurrence of a certain event and directs how the property is to be distributed, the trustees may not partition the trust property prior to distributing it in accordance with the instrument, but may only convey it to the appropriate beneficiaries in the manner instructed by the trust.

*Sorrel v. Sorrel*, 1 S.W.3d 867, 871 (Tex. App.—Corpus Christi–Edinburg 1999, no pet.) (emphasis added) (citing Restatement (Second) of Trusts § 345 (1959)).

of mandamus practice." *In re Murillo*, No. 08-24-00323-CV, 2024 WL 4512347, at *2 (Tex. App.—El Paso Oct. 17, 2024, orig. proceeding) (mem. op.) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). The trial court's order is not the type of ruling that justifies extraordinary relief, particularly given that a district court has original and exclusive jurisdiction over all proceedings by or against a trustee and all proceedings concerning trusts, and district courts have exercised that jurisdiction over these types of disputes. Tex. Prop. Code § 115.001 (providing that "a district court has original and exclusive jurisdiction over all proceedings by or against a trustee and all proceedings concerning trusts," including proceedings to "construe a trust" and "determine the powers, responsibilities, duties, and liability of a trustee"); *see also In re E. Texas Med. Ctr.*, No. 12-17-00183-CV, 2017 WL 4675511, at *2 (Tex. App.—Tyler Oct. 18, 2017, no pet.) (mem. op.) ("The requirement that there be no other adequate remedy by law is met when parties are in danger of *permanently losing substantial rights*.") (emphasis added).

We cannot conclude that extraordinary mandamus review, as opposed to relief through an ordinary appeal from a final judgment, is necessary. Bausch has not shown a clear abuse of discretion or the lack of an adequate remedy by appeal.

## II. CONCLUSION

We deny the petition for writ of mandamus. We further deny the December 5, 2025 motion to stay the underlying proceedings.

MARIA SALAS MENDOZA, Chief Justice

June 26, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

5